FILED
2017 Sep-22 AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA GRANT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case Number: 2:17-cv-00222-JHE |
| DETECTIVE J. TINKER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs Cynthia Grant and Nikela Brown initiated this action against Defendant Detective J. Tinker alleging claims based on denial of due process, unlawful search and seizure, false arrest and false imprisonment, and deliberate indifference. (Doc. 1). Defendant Tinker moved to dismiss some of the plaintiffs' claims. (Doc. 16). Pointing out it was unclear whether the claims were against him in his individual or official capacity, Defendant Tinker specifically sought to dismiss claims 1 (denial of due process) and 4 (deliberate indifference) on the grounds they were subsumed by or duplicative of claim 2 (unlawful search and seizure) and to dismiss claim 3 (false arrest and false imprisonment) based on absolute immunity under the Alabama Constitution. (*Id.*). In response to the motion to dismiss, Plaintiffs filed two documents: a response in opposition to the motion to dismiss, wherein they seek to remedy Defendant Tinker's issues with the complaint (doc. 26), and a motion for leave to file an amended complaint (doc. 27).

Plaintiffs' proposed first amended complaint indicates the following Fourth Amendment

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 22).

1

claims are brought against Defendant Tinker, in his individual capacity only, pursuant to 42 U.S.C. § 1983 (1) wrongful arrest; (2) unlawful search and seizure; and (3) false imprisonment. (Doc. 27). Plaintiffs' proposed amended complaint addresses the issues outlined in Defendant Tinker's motion to dismiss. First, Plaintiffs clarify that Defendant Tinker is being sued in his individual capacity (not his official capacity), and, therefore, he is not entitled to Eleventh Amendment immunity from claims for money damages. (Doc. 26 at 1-2) (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991)). Additionally, to the extent Defendant Tinker argues Count 1 and 4 were duplicative of Count 2, Plaintiffs' proposed amended complaint consolidates and clarifies these causes of action. (*See* docs. 26, 27, & 27-1). Finally, Defendant Tinker's argument regarding absolute immunity for the state law false arrest and false imprisonment claim is rendered moot, as Plaintiffs proposed amended complaint asserts a Fourth Amendment false imprisonment claim pursuant to §1983 against Defendant Tinker in his individual capacity. (Doc. 26 at 4, doc. 27-1) (citing *Anderson v. City of Homewood*, No. 2:16-cv-439-TMP, 2016 WL 7438895, at *25-26 (N.D. Ala. Dec. 27, 2016)).

Accordingly, Plaintiffs' motion to amend, (doc. 27), is **GRANTED**. Plaintiff is **DIRECTED** to file the proposed amended complaint by **September 25, 2017**. Defendant Tinker will then have fourteen days from the date the amended complaint is filed to respond thereto. The Clerk is **DIRECTED** to **TERM** Defendant Tinker's motion to dismiss (doc. 16) as **MOOT**.

DONE this 22nd day of September, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE